UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTIAN LOCATELL,

    Petitioner,

v.                                                        Case No: 6:24-cv-807-JSS-LHP

HOLLY JOY LOCATELL,

    Respondent.
_____/

## ORDER

Petitioner Christian Locatell moves ex parte under the Hague Convention for injunctive relief, an expedited hearing, and entry of a temporary restraining order against Respondent Holly Joy Locatell in connection with Petitioner's Verified Petition for Return of Minor Children Pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (Verified Petition, Dkt. 1). (Motion, Dkt. 3.) Upon consideration, the Motion is granted.

## BACKGROUND

Petitioner alleges Respondent and Petitioner are the parents of the following minor children: C.L., B.L., I.L., and T.L. (Dkt. 1 ¶ 1.) According to Petitioner, he and Respondent are married, and all the children were born of the marriage. (*Id.*) Petitioner alleges Respondent, Petitioner, and the children have resided together in the United Kingdom (UK) since 2021. (*Id.* at ¶ 22.)

Petitioner alleges on December 4, 2023, Respondent removed the children from the UK without notifying Petitioner.  (*Id.* ¶ 5.)  Petitioner believes the children and Respondent are currently residing in Debary, Florida.  (*Id.*)  On April 29, 2024, Petitioner filed the Verified Petition seeking an order to show cause, the return of the children to the United Kingdom, and attorneys' fees and costs.  (*Id.* at 13-14.)

Petitioner also filed the Motion seeking a temporary restraining order requiring Respondent to remain in the jurisdiction of the court, to surrender her and the children's travel documents, and appear to show cause concerning why the children should not be returned to the UK.  (Dkt. 3 ¶ 11.)

## APPLICABLE STANDARD

Pursuant to Federal Rule of Civil Procedure 65(b)(1), a court may issue a temporary restraining order without notice to the adverse party only upon a showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant's attorney "certifies in writing any efforts made to give notice and the reasons why it should not be required."  Temporary restraining orders are "designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction."  *United States v. Kaley*, 579 F.3d 1246, 1264 (11th Cir. 2009) (Tjoflat, J., specially concurring) (quoting 11A C. Wright, A. Miller, & M. Kane, *Fed. Prac. and Proc.: Civil* § 2951, at 253 (2d. ed. 1995)).  A temporary restraining order "must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office

and entered in the record." Fed. R. Civ. P. 65(b)(2). A temporary restraining order may not remain effect for greater than 14 days, unless extended by the court for good cause or the adverse party consents. *Id.*

Middle District of Florida Local Rule 6.01 further requires that a legal memorandum in support of a motion for a temporary restraining order must establish: "(1) the likelihood that the movant ultimately will prevail on the merits of the claim, (2) the irreparable nature of the threatened injury and the reason that notice is impractical, (3) the harm that might result absent a restraining order, and (4) the nature and extent of any public interest affected." M.D. Fla. Loc. R. 6.01(b); *see Gonzalez v. Solin*, No. 8:22-cv-1091-CEH-JSS, 2022 WL 1912896, at *2 (M.D. Fla. June 3, 2022).

## ANALYSIS

Upon consideration of the Verified Petition, the Motion, and Petitioner's supporting evidence, the court finds that Petitioner has satisfied his burden to warrant entry of the requested temporary restraining order.

The court finds that Petitioner has sufficiently established a likelihood of success on the merits of his Verified Petition and an immediate and irreparable injury requiring the issuance of a temporary restraining order. In the Verified Petition, Petitioner seeks relief pursuant to the Hague Convention on the Civil Aspects of International Child Abduction. (Dkt. 1); *see* Int'l Child Abduction Convention Between the United States of Am. & Other Governments Done at the Hague Oct. 25, 1980, T.I.A.S. No. 11670, 1988 WL 411501 (the Hague Convention). The Hague Convention "furthers its goal of 'discourag[ing] child abduction,' by requiring signatory states to make available a

remedy whereby parents of abducted children can bring proceedings to compel the return of their children who have been taken to foreign countries." *Fernandez v. Bailey*, 909 F.3d 353, 358–59 (11th Cir. 2018) (citing *Lozano v. Montoya Alvarez*, 572 U.S. 1, 16 (2014) and Hague Convention arts. 7, 12.). Congress implemented the Hague Convention through the International Child Abduction Remedies Act (ICARA) of 1988, which confers jurisdiction upon this court to resolve actions brought under the Hague Convention. 22 U.S.C. §§ 9001–9011; *see Fernandez*, 909 F.3d at 359. Under the ICARA, a court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 22 U.S.C. § 9004(a).

To succeed on a petition filed under the Hague Convention, Petitioner must establish (1) that the children were habitually resident in the UK at the time Respondent removed them to the United States; (2) that the removal was without Petitioner's consent and constituted a wrongful breach of his custody rights under English law; and (3) that Petitioner was actually exercising those custody rights at the time of the removal. *See Seaman v. Peterson*, 766 F.3d 1252, 1257 (11th Cir. 2014) (citing Hague Convention art. 3 and *Ruiz v. Tenorio*, 392 F.3d 1247, 1251 (11th Cir. 2004)); *see also* 22 U.S.C. § 9003(e)(1) (requiring that a petitioner establish by a preponderance of the evidence that "the child has been wrongfully removed or retained within the meaning of the Convention"). Petitioner has submitted sufficient evidence to support each of the foregoing requirements. Specifically, in the Verified

Petition, Petitioner alleges that the children were habitual residents of the UK, that removal was without Petitioner's consent, the removal was wrongful under English law, and that Petitioner was exercising his custody rights at the time of the children's removal. (Dkt. 1 ¶¶ 15, 21, 26, 27); *see* (Dkt. 1-1) (Children C.L and B.L.'s birth certificates). Petitioner alleges that I.L. and T.L.'s birth certificates are in Respondent's possession. *See* (Dkt. 1-2) (Letter dated December 12, 2023 to Respondent regarding resolution and return of children); *see also* (Dkt. 1-3) (doctor appointment notice for I.L.); Dkt. 1-4 (various photos of Petitioner, Respondent and the children). The court finds that the evidence presented is sufficient to demonstrate a likelihood that Petitioner will succeed on the merits of the Verified Petition. *See, e.g.*, *Romanov v. Soto*, No. 3:21-cv- 779-MMH-MCR, 2021 WL 4033576, at *1 (M.D. Fla. Sept. 3, 2021) ("Upon review of the Verified Petition, the Court determines that some relief is warranted to assure the continued availability of the Minor Children pending a hearing on the merits of the Verified Petition.").

Petitioner has further submitted evidence to support the irreparable nature of the threatened injury and the reason that notice is impractical. Petitioner alleges an irreparable harm as the children are deprived of access to their father. (Dkt. 1 ¶ 35.) Petitioner alleged that there has been minimal contact with only one of his children and that the Respondent has made it clear to Petitioner that she will not voluntarily return the children to the UK. (*Id*. ¶¶ 32, 33.) This evidence indicates that Respondent may attempt to further remove the children and hinder these proceedings, causing irreparable injury to Petitioner. *E.g.*, *Gonzalez*, 2022 WL 1912896, at *3; *Watson v.*

*Watson*, No. 8:22-cv-2613-WFJ-TGW, 2022 WL 16963830, at *2 (M.D. Fla. Nov. 16, 2022) ("ICARA permits a court to 'prevent the child's further removal or concealment before the final disposition of the petition.'"); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1297 (11th Cir. 2005) ("A temporary restraining order protects against irreparable harm and preserves the status quo until a meaningful decision on the merits can be made.").

The court further finds that the public interest is served by enforcing the Hague Convention through the ICARA, which "empower[s] courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." 22 U.S.C. § 9001(b)(4); *see also Watson*, 2022 WL 16963830, at *2 ("[I]ssuing the requested temporary restraining order would not be against the public interest.").

## CONCLUSION

Accordingly:

1. Petitioner's Motion (Dkt. 3) is **GRANTED**.

2. Petitioner's Request for Service by the U.S. Marshal (Dkt. 5) is **GRANTED**.

3. The United States Marshal shall immediately serve Respondent with a copy of the Verified Petition and all attachments (Dkt. 1), Petitioner's Motion (Dkt. 3), and this order. Such service shall be made at Respondent's address: 19 Spring Glen Drive, Debary, Florida 32713. In the event that the United States Marshal is unable to serve Respondent

in accordance with this paragraph, the United States Marshal shall promptly notify the court.

4. Upon service by the United States Marshal, Respondent is **ORDERED** to surrender each of her and the Children's passports, visas, or other travel documentation, if any, to the United States Marshal. Any and all travel documents seized by the United States Marshal shall be held by the Clerk of Court pending further order of the court.

5. Respondent is further **ORDERED** to remain within the jurisdiction of this court pending resolution of this matter; and to refrain from taking any action, or aiding and abetting others to take any action, to remove the Children from the jurisdiction of this court, or to obtain replacement travel documents for herself or the Children. Respondent shall also immediately advise the court of any change to her residence or the residence of the Children.

6. Respondent is further **ORDERED** to appear at an initial status hearing before the undersigned to be promptly scheduled at a later date and time by separate notice in Courtroom 6C, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida.

**ORDERED** in Orlando, Florida, on May 2, 2024 at 4:15 p.m.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Holly Joy Locatell, 19 Spring Glen Drive, Debary, Florida 32713